COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       William Monterial Jones v. The State of Texas

Appellate case number:     01-14-01032-CR and 01-14-01033-CR

Trial court case number:   1387546 and 1387547

Trial court:               351st District Court of Harris County

Appellant, William Monterial Jones, has filed a *pro se* Motion to Amend Motion for Appointment of New Appellate Counsel and a *pro se* Motion to Dismiss Appellate Counsel and Appoint New Appellate Counsel, asking this Court to dismiss his appellate counsel and appoint new appellate counsel "so that he may be assured reasonably effective assistance of appellate counsel." Appellant also has filed a Motion to Proceed "Pro Se" on Appeal, asking the Court to allow him to proceed *pro se* so that he may properly file a motion for new trial, and a *pro se* Motion for "Out of Time" Motion for New Trial. We deny the motions.

A jury found appellant guilty of the felony offenses of aggravated robbery–deadly weapon and felon in possession of a firearm. *See* TEX. PENAL CODE ANN. §§ 29.03, 46.04(a) (West 2011). The trial court assessed punishment at confinement for forty years for each offense, with the sentences to run concurrently. Appellant's appointed trial counsel timely filed notices of appeal on appellant's behalf. After trial counsel moved to withdraw, the trial court appointed Ann Lee Moseley to represent appellant on appeal. On May 28, 2015, counsel filed a brief on appellant's behalf in these appeals. Appellant then filed his motions for an out-of-time motion for new trial, appointment of new appellate counsel, and to proceed *pro se* on appeal.

Although an appellant has a right to counsel on direct appeal from a criminal conviction, an appellant does not have a right to self-representation on direct appeal. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (citing *Martinez v. Ct. App. of Calif., Fourth Appellate Dist.*, 528 U.S. 152, 163–64, 120 S. Ct. 684, 692 (2000)); *Cormier v. State*, 85 S.W.3d 496, 497–98 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (order). This Court reviews requests for self-representation in appeals from criminal convictions on a case-by-case basis, considering the best interests of the appellant, the State, and the administration of justice. *Cormier*, 85 S.W.3d at 498; *see Crawford v. State*, 136 S.W.3d 417, 418 (Tex. App.—Corpus Christi 2004, no pet.) (order); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (order).

Here, appellant requests to proceed *pro se* on appeal so that he "may be afforded fair opportunity to adequately and properly file a motion for new trial" and asserts that appellate counsel has not "'follow[ed] through' with the process of adequately completing and complying with the limitations to assure new trial motion was appropriately managed." This Court's records reflect that appellant was not deprived of counsel during either the thirty-day period for filing a motion for new trial or the 75-day period before a new trial motion is overruled by operation of law, and that a motion for new trial was timely filed in trial court cause no. 1387546 after appellant was found guilty of the offense of aggravated robbery. *See* TEX. R. APP. P. 21.8(c). Based on the record in this case, including that the fact the counsel has filed a brief on appellant's behalf, we conclude that it would not be in the best interest of appellant, the State, or the administration of justice to allow appellant to waive counsel and proceed *pro se*. Accordingly, we **deny** appellant's Motion to Proceed 'Pro Se' on Appeal.

Further, appellant does not have a right to appointed counsel of his own choosing. *See Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992); *Stearnes v. Clinton*, 780 S.W.2d 216, 225 (Tex. Crim. App. 1989). And, appellant is not entitled to hybrid representation, that is, "representation partly by counsel and partly by self." *Robinson v. State*, 240 S.W.3d 919, 921–22 (Tex. Crim. App. 2007); *see Scheanette*, 144 S.W.3d at 505 n.2. Accordingly we **deny** appellant's Motion to Amend Motion for Appointment of New Appellate Counsel and Motion to Dismiss Appellate Counsel and Appoint New Appellate Counsel.

Finally, we **deny** appellant's Motion for "Out of Time" Motion for New Trial. *See Robinson*, 240 S.W.3d at 921–22; *Scheanette*, 144 S.W.3d at 505 n.2.

It is so ORDERED.


Judge's signature: /s/ <u>Russell Lloyd</u>
☒  Acting individually

Date:  September 3, 2015